**William BUNDY et al.**

v.

**Joseph CANNON et al.**

**Civ. Nos. T–70–486, T–70–1363.**

United States District Court,
D. Maryland.

July 19, 1978.

---

Michael A. Millemann, Baltimore, Md., for plaintiffs.

H. Edgar Lentz and Henry J. Frankel, Asst. Attys. Gen., Baltimore, Md., for defendants.

THOMSEN, Senior District Judge.

In *Bundy, et al. v. Cannon, et al.,* 328 F.Supp. 165 (D.Md.1971), this court, with the assistance of counsel and amici curiae, approved certain "Adjustment Procedures" for dealing with "adjustment violations" of "General Rules and Regulations of the Division of Correction" of the State of Maryland, which were filed as an Appendix to that opinion, at p. 174.

■ In December 1977 defendants herein filed a petition to modify the order approving the 1971 Adjustment Procedures. The court is now advised by one of the able attorneys for the plaintiffs in this case, who has continued his interest in correctional matters, and by the office of the Attorney General of the State of Maryland that they are in agreement that experience has shown certain modifications of those Adjustment Procedures are desirable. Counsel for the respective parties have filed herein revised Adjustment Procedures, to become effective on September 1, 1978, which modify in

certain respects the Adjustment Procedures attached as an appendix to the opinion of this court filed herein on May 26, 1971, 328 F.Supp. 165. Counsel have stated to the court that in their opinion the revised procedures meet the minimum due process requirements delineated in that opinion, which they agree are still the applicable standards. Since this constitutes a full resolution of the issues raised by defendants in their "Petition to Modify Order," filed on December 28, 1977, that petition will be dismissed.

■ It should be noted that the revision of the adjustment procedures has been made by agreement of counsel for the respective parties, and does not represent a ruling by this court that all of the provisions of the amended Adjustment Procedures, particularly the provision requiring a hearing before a prisoner is transferred from a community adult rehabilitation center or pre-release center to a higher security institution, are required by the Fourteenth Amendment. See *Meachum v. Fano,* 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

REVISED APPENDIX

MARYLAND

Department of Public Safety and Correctional Services

DIVISION OF CORRECTION

ADJUSTMENT PROCEDURES:

The following procedures shall be utilized in administering inmate discipline:

MINOR VIOLATION: A minor violation is one in which, if the inmate is found to have committed the infraction charged, the maximum sentence he could receive would be not over fifteen (15) days confinement or the loss of over five (5) days of good behavior time or both. In minor violations the following procedures shall be followed:

1. The inmate shall be furnished a copy of the Notice of Infraction of the minor violation with which he is charged. The Notice shall be served not later than forty-

eight (48) hours after the alleged violation, and the inmate shall appear before the Adjustment Team within ninety-six (96) hours of the alleged infraction, unless prevented by exceptional circumstances. A hearing shall not be held within twenty-four (24) hours after the inmate has been served with a Notice of Infraction in order to permit him to prepare a defense. Saturdays, Sundays, and holidays are excluded in determining these time periods.

2. The Adjustment Team to hear minor violations of the rules shall consist of the following members:

(a) A Hearing Officer from the office of the Commissioner of the Division of Correction. He shall act as Chairman of the Team. Whenever the Hearing Officer is not present, the Assistant Warden of Treatment * shall act as Chairman.

(b) A Senior Correctional Officer

(c) A Classification Counselor or any other member of the professional treatment staff.

3. The Adjustment Team's function is:

(a) To evaluate the inmate's alleged infraction and render a fair and objective verdict as to his involvement in the infraction.

(b) To determine what type of adjustment should be rendered if the inmate is found to have committed the infraction.

4. The inmate shall be given a chance to discuss his case when he appears before the Adjustment Team and he shall also be entitled to have the following representation:

(a) Another inmate of the institution where the hearing is held, or staff member to appear before the Adjustment Team with him as his representative. The inmate or staff member must do so on a voluntary basis.

(b) The Institution is not bound to transport an inmate from one institution to another to represent an accused inmate.

5. If it is found that an infraction has not been committed by the inmate, the Adjustment report shall duly state that the inmate did not commit the infraction charged.

6. If the Adjustment Team determines that the inmate has committed the infraction charged, he may be subjected to one or more of the following actions:

(a) Counselling and/or warning.

(b) Reprimand.

(c) Adjustment release, i. e., probation within the institution.

(d) Temporary loss of one or more privileges.

(e) Loss of good behavior time (not to exceed five (5) days).

(f) Confinement (not to exceed fifteen (15) days).

(g) Other appropriate punishment which is proportionate to the offense which he has been found to have committed but does not exceed, in severity, the loss of five (5) days of good behavior time or confinement for fifteen (15) days.

The Adjustment Team may recommend a change in housing or job assignment, but said recommendation must be approved by the appropriate institutional authority.

7. The Team shall make a written summary of its proceeding, including its decision and a brief statement of the reasons for that decision. The inmate shall have the right, at the conclusion of the hearing, to state any objections he may have to the decision of the Team.

8. If the inmate objects to the decision, the Warden ** or his designated representative shall, within three (3) days after the hearing, review the decision of the Adjustment Team, based upon the record of its proceedings.

9. On review, the Warden may take the following action:

---

* The position "Assistant Warden of Treatment" shall be considered to include, and be the equivalent of, "Assistant Superintendent of Treatment", throughout this revised appendix.

** The position "Warden" shall be considered to include, and be the equivalent of, "Superintendent", throughout this revised appendix.

(a) Agree with the decision of the Adjustment Team.

(b) Order further or new proceedings.

(c) Reduce or suspend the decision of the Team.

The Warden cannot increase the sentence handed down by the Adjustment Team, nor can he order new proceedings charging a major violation in his review of a minor violation.

10. Even if the inmate does not object to his sentence, the Warden shall review all cases involving the loss of good behavior time and/or confinement.

11. The inmate shall be notified in writing of the result of the review of his case by the Warden.

MAJOR VIOLATIONS: A major violation is one in which, if the inmate is found to have committed the infraction charged, he could receive a sentence of confinement for more than fifteen (15) days and/or the loss of good behavior time of more than five (5) days. In major violations the following procedures shall be followed:

1. The inmate shall be furnished a copy of the Notice of Infraction of the major infraction with which he is charged. The Notice shall be given to the inmate not later than forty-eight (48) hours after the alleged violation, and the inmate shall appear before the Adjustment Team within ninety-six (96) hours of the alleged violation unless prevented by exceptional circumstances. A hearing shall not be held within twenty-four (24) hours after the inmate has been served with a Notice of Infraction in order to permit him to prepare a defense. Saturdays, Sundays, and holidays are excluded in determining these time periods.

2. The Adjustment Team to hear major violation of the rules shall consist of three (3) members or as many as seven (7) members.

(a) A Hearing Officer from the office of the Commissioner of the Division of Correction. He shall act as Chairman of the Team. Whenever the Hearing Officer is not present, the Assistant Warden of Treatment shall act as Chairman thereof.

(b) A Classification Counselor.

(c) A member of the professional treatment staff.

(d) The Warden or his representative may assign other members of the professional treatment staff to the Adjustment Team on major violations if he deems it necessary.

3. The inmate shall be given a chance to discuss his case when he appears before the Adjustment Team and he shall also be entitled to have the following representation:

(a) Another inmate of the institution where the hearing is held, or staff member to appear before the Adjustment Team with him as his representative. The inmate or staff member must do so on a voluntary basis.

(b) The Institution is not bound to transport an inmate from one institution to another to represent an accused inmate.

4. The Adjustment Team shall allow the inmate the opportunity to call one or more witnesses if the Team determines it is practical or relevant to the inmate's case. Such witnesses may include the accuser and the employee who presented the charges.

5. The Team shall allow the inmate to question any witnesses who testify before the Team if they deem it relevant to his case.

6. The rights of the inmate set out above shall not be unreasonably withheld or restricted by the Adjustment Team.

7. The Adjustment Team shall make a written report of all its proceedings which shall include a summary of the evidence, the Team's evaluation and decision, and the reason for the Team's decision. The decision of the Team must be based on substantial evidence.

8. If it is found that a violation has not been committed, the Adjustment report shall duly state that the inmate did not commit the infraction charged.

9. If the Team determines that the inmate committed the infraction charged, the inmate may receive any one or more of

those penalties designated for minor infractions, or he may receive one or both of the following penalties:

(a) Loss of good behavior time which may exceed more than five (5) days.

(b) Confinement which may exceed more than fifteen (15) days.

The Adjustment Team may also recommend a change in housing or job assignment or a transfer to an institution of greater security, but such recommendations must be approved by the appropriate institutional authority.

All cases involving confinement for periods of over thirty (30) days must be reviewed every 30 days by the Classification Team with the idea of determining, if feasible, an alternate to confinement that will be of adjustment value to the inmate. During the period of confinement, the inmate will be seen for counselling on a regular basis (at least every thirty (30) days), by his classification counsellor, and, if it is recommended by the classification counsellor, by a psychiatrist or psychologist. Progress reports will be submitted to the Classification Department after each visit. Visits from the chaplain and other staff members who may have the ability to communicate with the inmate shall also be encouraged as long as they do not present a security problem. Deliberate mental or physical abuse of the inmate during his confinement will not be tolerated.

10. The inmate shall be advised of the decision of the Team and the basis for its decision. He shall have the right, at the conclusion of the hearing, to state any objections he may have to the decision of the Team.

11. The Warden shall review all cases involving major violations, and upon review may decide on one of the following actions:

(a) Agree with the decision of the Team.

(b) Order further or new proceedings.

(c) Reduce or suspend the sentence.

The Warden cannot increase the sentence determined by the Adjustment Team.

12. The inmate shall be notified in writing of the result of the review of his case by the Warden.

### MINOR VIOLATIONS IN THE CORRECTIONAL CAMPS:

In those cases where a correctional camp center seeks to punish an inmate for a minor violation of the camp or Division of Correction regulations, a hearing shall be held in accordance with these rules, except that, where the potential punishments do not exceed those listed immediately below, the Adjustment Team may consist of one Senior Correctional Officer and two Counsellors (either one of whom may be replaced by another member of the treatment staff):

(1) Counselling and/or Warning;

(2) Reprimand;

(3) Adjustment release, such as probation;

(4) Temporary loss of one or more privileges;

(5) Any combination of above.

### ESCAPE CASES

In instances where an inmate is returned to the Division of Correction after an escape, and the inmate is charged with violating the rule prohibiting escape, the inmate shall be furnished a copy of the Notice of Infraction. The Notice shall be given to the inmate not later than forty-eight (48) hours after: 1) the inmate is returned to the Division; and 2) the true identity of the inmate as an escapee is ascertained. The inmate shall appear before the Adjustment Team for a hearing not less than twenty-four (24) hours and no more than ninety-six (96) hours after being served with the Notice, unless prevented by exceptional circumstances. Saturdays, Sundays, and holidays are excluded in determining these time periods.

### DISCIPLINARY TRANSFERS

An inmate is entitled to a hearing pursuant to these procedures before he is transferred, for violating an applicable rule or regulation, from a community adult rehabil-

itation center or pre-release center to a higher security institution within the jurisdiction of the Division of Correction.