William BUNDY, et al.

v.

Joseph CANNON, Commissioner of the
Maryland Department of
Corrections, et al.

Johnny E. ADAMS, et al.

v.

Joseph CANNON, Commissioner of the
Maryland Department of
Corrections, et al.

Civ. A. Nos. 70–486–T, 70–1363–T.

United States District Court,
D. Maryland.

May 11, 1982.

Francis B. Burch, Jr., and Robert J. Mathias, Baltimore, Md. (court-appointed), for petitioners.

Donald R. Stutman, Asst. Atty. Gen. of State of Md., Baltimore, Md., for respondents.

THOMSEN, Senior District Judge.

Three inmates at the Maryland Correctional Institution have filed a *pro se* motion in this court to intervene in *Bundy et al. v. Cannon et al.*, 328 F.Supp. 165 (D.Md.1971) (*"Bundy I"*). The inmates allege that correctional officials are not complying with the decree entered by this court in *Bundy I* and that they are being denied due process of law.

In *Bundy I* this court approved certain "Adjustment Procedures" for dealing with "adjustment violations" of the General Rules and Regulations of the Division of Correction of the State of Maryland; those procedures were filed as an Appendix to that opinion. 328 F.Supp. at 174. On July 19, 1978, those procedures were modified by order of this court; see *Bundy et al. v. Cannon et al.*, 453 F.Supp. 856 (D.Md.1978) (*"Bundy II"*).

The court appointed Francis B. Burch, Jr., Esq. and Robert Mathias, Esq. to represent the three inmates who filed the present motion to intervene. Thereafter, the respective parties, through counsel, reached agreement on revised Adjustment Procedures, which modify in certain respects the Adjustment Procedures approved by this court in *Bundy I* and *II*. The principal change in the existing procedures made by the proposed revised procedures is that a single hearing officer rather than a three

person Adjustment Team will now conduct all adjustment hearings. The presence of a Senior Correctional Officer and a Classification Counselor on the three person adjustment teams heretofore in use had caused some inmates, including the inmates seeking to intervene herein, to question the impartiality of the proceedings.

Counsel for those intervenors and counsel for defendants have stated to the court that they believe that "the revised Adjustment Procedures fully comply with minimum due process requirements as set forth by this Court and other applicable judicial decisions" and that "adherence to such provisions should result in the protection and safeguarding of the rights of inmates incarcerated in State correctional institutions without any unnecessary impediment to the ability of State correctional officials to fulfill their obligations to society." The court concurs in that belief. The court notes, as it noted in *Bundy II*, 453 F.Supp. at 857, that it makes no finding that the revisions approved herein are required by the Fourteenth Amendment. The inmates have agreed to the voluntary dismissal of their motion to intervene. The court will enter an appropriate order.

REVISED APPENDIX

DIVISION OF CORRECTION REGULATION

STATE OF MARYLAND

DEPARTMENT OF PUBLIC SERVICE AND CORRECTIONAL SERVICES

ADJUSTMENT PROCEDURES

Applicable to: All Institutions, except the Maryland Correctional Pre-Release System

Policy and Procedure:

The Division of Correction recognizes an obligation to provide for the protection of an inmate's right to due process within the adjustment procedure. It is, therefore, the policy of the Division of Correction that all inmates formally charged with infractions shall be given fair and impartial adminis-

trative hearings for the purpose of determining guilt or innocence and for the purpose of determining the appropriate sanctions to be imposed on the guilty. Provision is also made for the informal disposition of certain minor violations when deemed appropriate by staff and acceptable to the inmate.

The procedures herein detailed will provide for the orderly operation of the Division of Correction, as well as for the protection of all due process rights.

Saturdays, Sundays and State Holidays are specifically excluded from the determination of the time parameters herein stated, except for the required minimum of 24 hours that must elapse after the service of the Notice of Infraction and prior to the conduct of an adjustment hearing, which period will not be interrupted. A waiver of these time limitations may be made by the Hearing Officer when exceptional circumstances exist. Exceptional circumstance warranting a waiver must be fully documented.

A. *Pre-Hearing Procedures*

Any staff person who has reason to believe an inmate has violated any of the rules and regulations of the Division of Correction (as specified in DCR 105—1) or of the institution or unit, or of the Work Release Program shall immediately evaluate the incident to determine if it constitutes a major or minor infraction. If it is determined to be a minor infraction, the reporting staff member will consider an offer of informal disposition. The following procedures will then be followed:

1. Informal:

a. If, in the judgement of the reporting staff member, a minor infraction does not require a formal hearing, he may impose a temporary restriction to the inmate's housing area or location from leisure time activities (such as recreation privileges and participation in Inmate Organization Activities) for a period not to exceed 24 hours.

b. If the inmate accepts the informal disposition, the reporting staff member shall immediately prepare an incident report detailing the circumstances of the incident and will indicate the period of restriction. The inmate shall sign the incident report, as provided, to indicate acceptance of the informal disposition. The incident report shall then be forwarded to the Shift Commander (or designee) for review and approval.

(1) If approved, the Shift Commander will so note on the form, which will then be forwarded to Classification for inclusion in the inmate's base file.

(2) If disapproved, the Shift Commander will so note on the form, detailing the reasons for that action, advise the reporting staff member of that decision, and order the inmate released from restriction.

(3) The Shift Commander may not require a formal adjustment hearing.

c. The inmate may exercise the right to reject the offer of informal disposition and elect an adjustment hearing.

2. Formal:

a. If, in the judgement of the reporting staff member, a minor infraction warrants a formal adjustment hearing, or if the inmate has rejected the offer of informal disposition, or if any major infractions are alleged, a Notice of Infraction (DC Form 105—1) shall immediately be prepared. The Notice of Infraction shall cite the specific alleged rule violations and will detail the circumstances of the incident.

b. The reporting staff member shall determine the extent to which the inmate may be an escape risk, may jeopardize the security of the institution, or may be a danger to himself or to others and, if appropriate, place the inmate on Temporary Segregation (see DCR 110—19).

c. The Notice of Infraction shall be forwarded to the Shift Commander (or designee) who shall as soon as practicable, but prior to the termination of the shift, review the report and

(1) approve or disapprove the decision to place the inmate on Temporary Segregation. (If that decision is disapproved, the inmate will be immediately removed from that status); and

(2) forward the Notice of Infraction to the Hearing Officer for a Hearing; or

(3) reduce the Notice of Infraction to an incident report, notify the inmate and reporting staff member in writing of the action taken, and forward it to Classification for inclusion in the inmate's base file; or

(4) return the Notice of Infraction to the reporting staff member for correction of inaccuracies or inadequacies, clarification of statements, or for substantiation of charges, if such deficiencies are noted, and forward the revised Notice of Infraction to the Hearing Officer for a hearing.

d. The inmate shall be served with a copy of the Notice of Infraction within 48 hours of the date and time of the discovery of the infraction; or within 48 hours of the identification of the inmate as an escapee now returned to the custody of the Division of Correction. The inmate shall at this time indicate any wish to be represented by an employee or inmate and shall also indicate any wish to call witnesses. The names of any such representative along with the names of any such witnesses shall be listed on the form offered for this purpose. Failure to indicate a wish to be represented or failure to indicate witnesses will be deemed a waiver of the right to representation or witnesses.

If the inmate subsequently requests representation and if that request can be carried out without disrupting the hearing, provisions will be made to obtain the representative. No late request will delay the hearing from its scheduled day unless the time requirements of this DCR are waived by the inmate who shall be heard within 72 hours of the request for a representative.

e. Unless prevented by exceptional circumstances, which must be fully documented, the inmate shall appear before the Hearing Officer for a hearing within 96 hours of the alleged infraction but not within 24 hours of the serving of the Notice of Infraction, except in cases of escape wherein the inmate shall appear within not less than 24 hours and not more than 96 hours of the serving of the Notice of Infraction. Subject to the approval of the Hearing Officer, the inmate may waive the right to have 24 hours notice prior to the hearing.

f. In the event an inmate should refuse to appear before the Hearing Officer for a hearing, the Hearing Officer shall, upon receipt of a waiver of the right to appear or upon receipt of a statement signed by two employees that the inmate refused to appear or to sign a waiver of the right to do so, conduct a hearing in absentia and render a decision.

B. *Hearing Procedures* :

All adjustment hearings shall be conducted by the Division of Correction Hearing Officer except that on those dates when no Division of Correction Hearing Officer is available, the Assistant Warden for Treatment (or the Assistant Warden in those institutions having no Assistant Warden for Treatment) will serve as the Hearing Officer. In the absence from the institution of the Assistant Warden for Treatment, a Classification Supervisor will be designated by the Warden to serve as Hearing Officer. The Hearing Officer shall not discuss the case he is to hear with anyone, either before or during the hearing without the presence of all parties.

The hearing proceedings and post-hearing review shall be recorded on the Adjustment Report (DC Form 105—2).

1. The inmate will appear before the Hearing Officer and will be permitted to discuss the charges presented. Refusal to testify will not be held against the inmate. The inmate is entitled to representation by a staff member or by another inmate, provided that the requested representative must do so voluntarily.

a. The institution is not required to transport an inmate from one institution to another to represent an inmate at an adjustment hearing.

b. An inmate on punitive or Administrative Segregation may not serve as a representative.

c. No person from outside the Division of Correction will be permitted to serve as a representative.

d. The Hearing Officer may bar any person from adjustment hearings who disrupts the decorum and conduct of those hearing.

2. The inmate shall be permitted to request witnesses who shall be allowed to testify provided the Hearing Officer determines that testimony may be relevant to the case. The requested witnesses may include the accuser.

a. Should a large number of witnesses be requested, the inmate shall appear before the Hearing Officer as soon as practicable for the purpose of determining if the testimony of the requested witnesses may be cumulative or irrelevant and for a determination as to which of the witnesses will be called.

b. If the Hearing Officer determines that the testimony of two or more of the requested witnesses would be cumulative, irrelevant, or immaterial, he may limit the number called and may record any proffer by the inmate as to an uncalled witness' testimony, documenting the rationale for not calling the witness. At the discretion of the Hearing Officer, either with or without a request from the parties, fact witnesses may be sequestered as long as there is no threat to security.

c. The inmate or his representative may examine any real evidence as long as it does not endanger the security of the institution at the discretion of the Hearing Officer.

3. The Hearing Officer may authorize the use of a telephone conference call in the conduct, in whole or in part, of the hearing when transportation or security considerations are factors.

4. The inmate or the representative shall be permitted to question any witnesses who testify.

5. The Hearing Officer shall insure the inmate understands the charge or charges and shall record the plea. A refusal to plea will be noted and will be regarded as a plea of not guilty.

6. Upon conclusion of the testimony, the Hearing Officer shall render a decision of not guilty or guilty for each of the charges.

7. If a finding of not guilty is rendered for all charges, any and all references to the alleged incident or incidents will be removed from the base file. In cases wherein the inmate was placed in secure confinement pending the hearing, the inmate shall be removed from that status as soon as possible. If removal from that status cannot be accomplished immediately, all general population rights and privileges consistent with security requirements will be restored.

8. If a finding of guilty is reached for any or all of the charges the Hearing Officer shall immediately determine the sanction to be imposed.

9. The inmate will be immediately informed of the findings, as well as of any recommended sanctions.

10. The inmate shall be notified of the right to appeal the decision, in writing, to the Warden. The appeal must be delivered to the Warden within 5 days of the hearing.

11. The inmate may state any objection to the decision of the Hearing Officer who shall note the objection on the Form 105–2.

C. *Post Hearing Procedure*:

1. Within no less than five days, nor more than eight days, the Warden (or designee) shall review the recommendation of the Hearing Officer, the record of the proceedings, and any appeal that may have been made and have delivered to the inmate within ten days of the Adjustment Hearing, written notice of the decision to:

a. Approve the recommendation of the Hearing Officer;

b. Reduce or suspend, wholly or in part, the recommendation of the Hearing Officer, or

c. Order new proceedings based upon new or additional evidence or information that was not presented at the initial hearing; or based upon evidence of error or fraud.

The Warden (or designee) shall not, in any case, increase the recommended sanction.

2. In the event that the Warden is personally involved with the infraction, the Warden shall refer the appeal or review of the case to the Assistant Warden.

3. The completed Notice of Infraction will be forwarded to Classification along with any written appeal and a copy of the Managing Officer's notification of the disposition to the inmate and for inclusion in the inmate's base file.